MDP/lms/de
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                   Chapter 7
WILLIAM WATSON,                                          **Case No. 1-20-44008-NHL**

                                        Debtor.
----------------------------------------------------------X

## DECLARATION IN FURTHER SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND IN REPLY TO DEBTOR'S OPPOSITION

MARGUERITE D. PECK, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true:

1. I am a member of DOWNING & PECK, P.C., the attorneys for creditors Focus 15 LLC and Golden Focus, LLC, (HEREINAFTER "Focus Creditors") of the above-named debtor, William Watson, (hereinafter "Debtor(s)").

2. I submit this declaration in further support of Focus Creditors' motion for relief from the Automatic Stay, pursuant to 11 U.S.C. §362, allowing them to proceed with their Supreme Court, County of Queens actions, *FOCUS 15, LLC and GOLDEN FOCUS, LLC v. William Watson, et al.* bearing Index number 2733/2019 and 720949/2019 (the "State Court Action"), against Debtor because there is no merit to debtor's petition, and there being good and sufficient cause for the waiver of the Stay set forth in the Bankruptcy Rule 4001(a)(3), and under the condition that any judgment obtained at trial be returned to bankruptcy court for enforcement; or in the alternative, allowing them to proceed with State Court Action against petitioner's co-defendants who have not petitioned for bankruptcy.

1

# ARGUMENT

## I. DEBTOR WILLIAM WATSON IS A "FREELANCE DESIGNER"

3. Debtor William Watson alleges to be unemployed.

4. Upon information and belief Mr. Watson derives an income as a "freelance designer".

5. Upon information and belief, Mr. Watson designs clothes under the brand, "Death to Tennis", which are sold on the website https://www.deathtotennis.com/ (The "Death to Tennis website").

6. Merchandise sold on the Death to Tennis website ranges in price between $70 and $385. Profits made from sales on the Death to Tennis website are not listed on Mr. Watson's petition.

7. Upon information and belief Death to Tennis is shipping their merchandise from 703 East 6th Street, 3rd floor, New York, NY 10009.

8. Mr. Watson stated under oath at the Creditor's Meeting on February 17, 2021 that Death to Tennis no longer operated out of the 703 East 6th Street address and had not since 2018 (the audio transcript of the proceeding has not yet been transcribed; transcription has been ordered but not yet received).

9. However, Death to Tennis were shipping goods from this address as of February 20, 2020. Annexed hereto as Exhibit "A" is a copy of a mailing label which shows that goods were shipped from Death to Tennis, 703 East 6th Street, #3 New York, New York on February 21, 2021 to Morristown, Pennsylvania. Also attached is an Affidavit of Purchase of Ina Xhoxhaj showing that she purchased 5 items of clothing on February 13, 2020 from Death to

Tennis. The "Evidence Chain of Custody" attached to the affidavit shows that the products were received on February 24, 2020. The products are now in the office of the undersigned.

10. The brand Death to Tennis collaborated with another clothing brand, ONS Clothing, on the "ONS Clothing x Death to Tennis DOMANI" clothing line, which was launched in March 2020. The clothing line was marketed by an official campaign on the ONS website and social media platforms, and by a campaign video which utilized a videographer, a model, a stylist and a hair/grooming professional. Mr. Watson did not declare this campaign on his Bankruptcy petition nor any money he received from the collaboration. Annexed hereto as Exhibit "B" is are copies of articles marketing the campaign on the ONS website, social media, and other websites.

11. Within the last 3 years, the brand Death to Tennis collaborated with a footwear brand, SOHO GRIT, selling a "SG X DEATH TO TENNIS" sneaker line which retailed for approximately $300. The item is no longer available on the Soho Grit website. Mr. Watson did not declare this campaign on his Bankruptcy petition nor any money he received from the collaboration. Annexed hereto as Exhibit "C" is a copy of a Facebook Post on the Soho Grit page advertising the June 2020 collaboration.

12. Mr. Watson has a business interest in The Watvin Company Corp. This interest is not disclosed in Mr. Watson's bankruptcy petition. The Watvin Company Corp. is still listed as an active company on the New York Department of State website. Annexed hereto as Exhibit "D" is a copy of the entity information for The Watvin Company Corp. contained on the New York Department of State website

13. Mr. Watson has a business interest in Sanddance Corp., whose address is listed as 703 East 6th Street, 3rd floor, New York, NY 10009, on the New York Department of State

website. Mr. Watson lists Sanddance Corp. as a shell/holding corporation in his bankruptcy petition. Annexed hereto as Exhibit "E" is a copy of the entity information for Sanddance Corp. contained on the New York Department of State website

14. Sanddance Corp. is the owner of the Trademark "Death to Tennis". This Trademark is not included in Mr. Watson's petition. Annexed hereto as Exhibit "F" is a copy of Death to Tennis Trademark information from United States Patent and Trademark Office.

15. Debtor William Watson has failed to declare all his income and assets from the last 3 years on his bankruptcy petition.

## II. THE ARGUMENT THAT OTHER CREDITORS AND PARTIES-IN-INTEREST WOULD BE PREJUDICED IN PERMITTING THE STATE COURT ACTION TO PROCEED IS WITHOUT MERIT

16. Debtor's contention that the other creditors would be prejudiced in permitting the State Court Action to proceed is based on pure speculation and is without merit.

17. Upon information and belief no other Creditors listed in Mr. Watson's petition have participated in the Creditors Meetings.

18. Debtor has not provided any proof that the other Creditors are pursuing debtor for alleged debts owed, nor has debtor provided evidence that such debts are owed.

19. The three other Unsecured Creditors listed on Mr. Watson's petition are Gotham Gastroenterology, Mt. Sinai Beth Israel, and New York Pain Care.

20. Upon information and belief, Mr. Watson has submitted no proof that he owes money to the other Unsecured Creditors.

21. Upon information and belief, Mr. Watson has health insurance through his wife's employer, Ralph Lauren.

22. Mr. Watson's co-defendants Eva Xia, and Vincent Oshin in the State Court Action have not filed for bankruptcy and have assets.

23. Co-defendant Eva Xia, Mr. Watson's wife, by his own admission in his bankruptcy petition, receives a gross salary of $8,730 per month.

24. Ms. Xia is a co-signor under all 4 loan agreements at issue in the State Court Action.

25. Each defendant in the State Court Action is liable under the loan agreements and any judgment rendered in the State Court Action may be enforced against each Borrower individually or against all Borrowers together.

26. The automatic stay should be lifted to allow the Focus Creditors to continue their suit against the other defendants in the State Court Action.

27. Debtor, William Watson, argues that he has not yet answered or appeared in the State Court Action. Focus Creditors Motion for leave to Renew their Motion for Summary Judgment in Lieu of Complaint was returnable for November 16, 2020. Defendants in the State Court Action, in order to oppose said motion, were required to file opposition to the motion 7 days prior to this return date - Mr. Watson, and his co-defendants, failed to do this.

28. There is a very high probability that the Focus Creditors will collect from debtor's co-defendants only, because the debtor's co-defendants did not oppose the motion for summary judgment in the State Court Action. Hence, as soon as the stay is lifted we will be able to proceed to get judgment against his co-debtors.

### III. THE DEADLINE FOR OBJECTING TO DISCHARGE UNDER § 727(A) OF THE BANKRUPTCY CODE HAS NOT ELAPSED

29. We dispute debtor's argument that extension of time to object to the discharge under § 727 (a) of the Bankruptcy Code applied only to the Trustee's time.

30. The deadline for objecting to discharge is listed as April 30, 2021 on the Bankruptcy docket and does not indicate that this only applies to the Trustee.

## **CONCLUSION**

For the foregoing reasons, the Focus Creditors respectfully requests entry of an order granting this Motion, providing the Focus Creditors relief from the automatic stay to pursue the State Court Action; or in the alternative allowing Focus Creditors s to continue the State Court Action against the other co-defendants Eva Xia, Vincent Oshin, and Death To Tennis; and to obtain such other and further relief as may be just and proper.

Dated: March 9, 2021
      New York, N.Y.

      DOWNING & PECK, P.C.

      */s/ Marguerite D. Peck*
      Marguerite D. Peck, Esq.
      DOWNING & PECK, P.C.
      *Attorneys for Creditors FOCUS 15, LLC and GOLDEN FOCUS, LLC*
      17 Battery Place, Ste 324
      New York, New York 10004
      212-514-9190